## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Manuel Valencia, on behalf of himself and all other persons similarly situated, | |
| Plaintiff, | DOCKET NO. 19-cv-6861 |
| - vs. – | **COMPLAINT** |
| Mohan Palace, Inc. d/b/a Minar Indian Restaurant, Inder Singh, and John Does #1-10, | |
| Defendants. | |

Plaintiff Manuel Valencia, by and through his undersigned attorneys, for his complaint against defendants Mohan Palace, Inc. d/b/a Minar Indian Restaurant, Inder Singh, and John Does #1-10, alleges as follows, on behalf of himself and on behalf of all other persons similarly situated:

### NATURE OF THE ACTION

1.    Plaintiff Manuel Valencia alleges on behalf of himself and on behalf of other similarly situated current and

former employees of defendants Mohan Palace, Inc. d/b/a Minar Indian Restaurant, Inder Singh, and John Does #1-10, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.    Plaintiff further complains that he is entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) compensation for unlawful deductions consisting of defendants' failure to reimburse him for his "tool of the trade," (v) liquidated damages pursuant to New York Labor Law for these violations; and (vi) statutory damages for defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3.   Plaintiff Mr. Valencia is an adult individual residing in the Bronx, New York.

4.   Mr. Valencia consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent is attached hereto and incorporated by reference.

5.   Upon information and belief, defendant Mohan Palace, Inc. d/b/a Minar Indian Restaurant ("Minar") is a New York corporation with a principal place of business at 138 West 46th Street, New York, New York.

6.   At all relevant times, defendant Minar has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7.   Upon information and belief, at all relevant times, defendant Minar has had gross revenues in excess of $500,000.00.

8.   Upon information and belief, at all relevant times herein, defendant Minar has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

9.   Upon information and belief, at all relevant times, defendant Minar has constituted an "enterprise" as defined in the FLSA.

10.  Upon information and belief, defendant Inder Singh is an owner or part owner and principal of Minar, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

11.  Defendant Inder Singh was involved in the day-to-day operations of Minar and played an active role in managing the business.

12.  Upon information and belief, defendants John Does 1-10 represent the other owners, officers, directors, members, and/or managing agents of Minar, whose identities are unknown at this time, who participated in the day-to-day operations of Minar, who have the power to hire and fire employees, set wages and schedules, and retain their records.

13.  Defendant's brother-in-law, who Mr. Valencia knew as "Romy," but whose real name is unknown, was one of those John Does, and he managed the business in the absence of defendant Inder Singh.

14.  Defendants constituted "employers" of Mr. Valencia as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

15.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Mr. Valencia's state law

claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Mr. Valencia's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

16.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

17.  Pursuant to 29 U.S.C. § 206 and § 207, Mr. Valencia seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since January 24, 2015, to the entry of judgment in this case (the "Collective Action Period"), who were restaurant employees, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

18.  The Collective Action Members are similarly situated to Mr. Valencia in that they were employed by defendants as non-exempt restaurant employees, and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

19.  They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

20.  Mr. Valencia and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

21.  The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

<u>**FACTS**</u>

22.  At all relevant times herein, defendants owned and operated several Indian restaurants under the name Minar, including one located at 138 West 46th Street.

23.  Mr. Valencia was employed at Minar's 46th Street location from approximately May 2010 through December 2017.

24.  Mr. Valencia was initially employed as a dishwasher; after about five years of employment, he was reassigned to do food preparation.  In both roles, however, he spent a substantial portion of his workday making deliveries.

25.  Mr. Valencia's work was performed in the normal course of defendants' business and was integrated into the

business of defendants, and did not involve executive or administrative responsibilities.

26.   At all relevant times herein, Mr. Valencia was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

27.   Mr. Valencia regularly worked six days per week for defendants.

28.   Before approximately October 2017, his regular schedule was 10:00 a.m. to 9:00 p.m., except for Saturdays when he worked from 10:00 a.m. to 10:00 p.m.  As a result, he was working roughly 67 hours per week.

29.   Commencing in October 2017, and continuing until his employment ended, Mr. Valencia's schedule was reduced, and he worked four days of seven hours, one day of eleven hours, and one day of 9½ hours.  As a result, he was working approximately 48½ hours per week.

30.   Until approximately the end of 2016, defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.  Commencing at that time, defendants implemented a time clock, which was intermittently used by employees.

31.   Mr. Valencia was paid weekly on a salary basis throughout his employment.

32.   When he started, he was paid $280 per week; he generally received annual raises of $20 per week, so that by 2017 he was making $420 per week.  In or about October 2017, defendants gave him a raise to $550 per week.

33.   Mr. Valencia received these amounts for all hours he worked, regardless of the number of hours he worked each day or week – unless he missed a full day of work, in which case his pay would be reduced commensurately.

34.   As a result, before October 2017 Mr. Valencia's effective rates of pay were always below the statutory federal and state minimum wages in effect at relevant times.

35.   Defendants' failure to pay Mr. Valencia an amount at least equal to the federal or New York state minimum wages in effect during all relevant time periods was willful, and lacked a good faith basis.

36.   Mr. Valencia was paid in cash throughout his employment, and he received no paystubs or wage statements of any sort with his pay.

37.   In addition, defendants failed to pay Mr. Valencia any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

38.  Defendants' failure to pay Mr. Valencia the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

39.  Before October 2017, Mr. Valencia worked six shifts per week that lasted in excess of ten hours from start to finish, and after October 2017 he worked one such shift per week, yet defendants willfully failed to pay him one additional hour's pay at the minimum wage for each such day, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

40.  Defendants failed to provide Mr. Valencia with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, his regular and overtime rates, and intended allowances claimed – and failed to obtain his signature acknowledging the same, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act.

41.  Defendants failed to provide Mr. Valencia with weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

42.  In addition, Mr. Valencia was required to supply his own bicycle as the "tool of his trade" for the purpose of making deliveries.

43.  During the course of these deliveries, Mr. Valencia incurred expenses for maintenance and wear-and-tear of his bicycle.

44.  Defendants did not reimburse Mr. Valencia for the expenses he incurred in supplying this tool of the trade; for that reason, defendants did not ask or tell Mr. Valencia to keep records of these expenses.

45.  Because Mr. Valencia incurred unreimbursed expenses for his "tool of the trade," and because he was being paid below the statutory minimum wage, his actual compensation, "free and clear," was less than the applicable minimum wage.

46.  Upon information and belief, throughout the period of Mr. Valencia's employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like Mr. Valencia (the Collective Action Members) in positions at defendants' restaurant that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

47.  Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime and – for the people

who made deliveries – the reimbursement of business expenses for "tools of the trade."

48.  Upon information and belief, defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the FLSA and the New York Labor Law.

49.  Upon  information  and  belief,  these  other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

50.  Upon  information  and  belief,  these  other individuals were not paid a "spread of hours" premium on days when they worked shifts lasting in excess of ten hours from start to finish.

51.  Defendants' policy of paying Mr. Valencia and these other individuals on a weekly basis rather than on an hourly basis also violated 12 N.Y.C.R.R. § 146-2.5.

52.  Upon  information  and  belief,  these  other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

53.  Upon  information  and  belief,  while  defendants employed Mr. Valencia and the Collective Action members, and

through all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide records to employees, and failed to post or keep posted notices explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (Fair Labor Standards Act — Minimum Wage)

54. Mr. Valencia, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

55. At all relevant times, defendants employed Mr. Valencia and the Collective Action Members within the meaning of the FLSA.

56. Defendants failed to pay a salary greater than the minimum wage to Mr. Valencia and the Collective Action Members for all hours worked.

57. As a result of defendants' willful failure to compensate Mr. Valencia and the Collective Action Members at a rate at least equal to the federal minimum wage for each hour worked, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

58.   The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

59.   Due to defendants' FLSA violations, Mr. Valencia and the Collective Action Members are entitled to recover from defendants their unpaid compensation plus liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law – Minimum Wage)

60.   Mr. Valencia repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

61.   At all relevant times, Mr. Valencia was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

62.   Defendants willfully violated Mr. Valencia's rights by failing to pay him compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

63.   Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good

faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

64.    Due to defendants' New York Labor Law violations, Mr. Valencia is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (Fair Labor Standards Act - Overtime)

65.    Mr. Valencia, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

66.    At all relevant times, defendants employed Mr. Valencia and each of the Collective Action Members within the meaning of the FLSA.

67.    At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

68.    As a result of defendants' willful failure to compensate their employees, including Mr. Valencia and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in

excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

69.  The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

70.  Due to defendants' FLSA violations, Mr. Valencia and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT IV

### (New York Labor Law - Overtime)

71.  Mr. Valencia repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

72.  At all relevant times, Mr. Valencia was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

73.  Defendants willfully violated Mr. Valencia's rights by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour

worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

74.  Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

75.  Due to defendants' New York Labor Law violations, Mr. Valencia is entitled to recover from defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT V**

**(New York Labor Law – Spread of Hours)**

76.  Mr. Valencia repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

77.  At all relevant times, Mr. Valencia was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

78.  Defendants willfully violated Mr. Valencia's rights by failing to pay him an additional hour's pay at the minimum wage for each day that he worked shifts lasting in excess of ten hours from start to finish, in violation of the New York

Labor Law §§ 650 *et seq.* and its regulations in 12 N.Y.C.R.R. § 146-1.6.

79.   Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

80.   Due to defendants' New York Labor Law violations, Mr. Valencia is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT VI

### (New York Labor Law – Unlawful deductions)

81.   Mr. Valencia repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

82.   At all relevant times, Mr. Valencia was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

83.   Mr. Valencia was required to incur various expenses on behalf of defendants in the course of his employment.

84.   Defendants failed to reimburse Mr. Valencia for these expenses.

85.   These failures to reimburse Mr. Valencia constitute de facto deductions from wages.

86.   These de facto deductions were not for the benefit of Mr. Valencia and are not among the legitimate deductions authorized by New York Labor Law § 193.

87.   Moreover, these unreimbursed expenses brought Mr. Valencia's wages even farther below the minimum wage, in violation of 12 N.Y.C.R.R. § 146-2.7(c).

88.   As a result, defendants have violated New York Labor Law.

89.   These violations were willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

90.   Due to defendants' New York Labor Law violations, Mr. Valencia is entitled to recover from defendants compensation for these unreimbursed expenses, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action.

## COUNT VII

### (New York Labor Law — Wage Theft Prevention Act)

91.   Mr. Valencia repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

92.  At all relevant times, Mr. Valencia was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

93.  Defendants willfully violated Mr. Valencia's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

94.  Defendants willfully violated Mr. Valencia's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

95.  Due to defendants' New York Labor Law violations relating to the failure to provide paystubs, Mr. Valencia is entitled to recover from the defendants statutory damages of $100 per week through February 26, 2015, and $250 per day from February 27, 2015 through the end of his employment, up to the maximum statutory damages.

96.  Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, Mr. Valencia is entitled to recover from the defendants statutory damages of $50 per week through February 26, 2015, and $50 per day from February 27, 2015 to the termination of his employment, up to the maximum statutory damages.

### PRAYER FOR RELIEF

WHEREFORE, Mr. Valencia respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Mr. Valencia and his counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e.  Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

f.  An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

g.  Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

h.  Compensation for monies deducted from plaintiff's pay via unreimbursed expenses, in violation of New York Labor Law;

i.  Liquidated damages for defendants' New York Labor Law violations;

j.  Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

k.  Back pay;

l.  Punitive damages;

m.  An award of prejudgment and postjudgment interest;

n.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

o.  Such other, further, and different relief as this Court deems just and proper.

Dated:  July 23, 2019

_____
David Stein
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
Attorneys for Plaintiff,
*Individually and on behalf of an FLSA collective action*

22

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Minar Indian Restaurant and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Minar Indian Restaurant y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..

_____
Manuel Valencia

Date: January 17, 2018